CENTURY HOME ENTERTAINMENT, INC., Plaintiff,

v.

LASER BEAT, INC., dba Laser Beat; John Doe # 1, individually and dba Han Yang Supermarket; Young Kee Han, individually and dba Hyundai Video; John Doe # 2, individually and dba Hwang Jae Video; John Doe # 3, individually and dba Mookungwha Video; John Doe # 4, individually and dba Seoul Video; and See Enterprises, Inc., dba See's Enterprise # 2, aka Chinese Video Store, Defendants.

No. 94 CV 0024 (SJ).

United States District Court, E.D. New York.

March 22, 1994.

Jeffrey A. Rosen, Gary Kaplan, Sargoy, Stein, Rosen & Shapiro, New York City, for plaintiff.

Allison C. Collard, Collard & Roe, P.C., Roslyn, N.Y., for defendants Han Yang Video, Hyundai Video, and Seoul Video.

## ORDER

JOHNSON, District Judge:

## BACKGROUND

Plaintiff, Century Home Entertainment, Inc. ("Century"), in affidavits and a memorandum in support of an order of seizure, stated that it had exclusive authority to distribute Chinese language motion pictures on cassette throughout the United States. Century alleged that Defendants had violated Section 106 of the Copyright Act of 1976, 17 U.S.C. § 106(1) & (3) by reproducing, renting, and distributing videocassettes copyrighted by Plaintiff.

Pursuant to 17 U.S.C. § 503 and Rules 3 through 13 of the United States Supreme Court Rules of Practice for Copyright Cases, this Court signed an Order of Seizure on January 4, 1994 authorizing the immediate seizure, from Defendants, of all videocassettes infringing Plaintiff's copyrights and all devices for such copying. This Order was initially sealed upon the allegations of Plaintiff that under "similar circumstances ... when notified of proceedings to restrain infringement and impound illegal videocassettes, persons such as defendants will attempt to destroy, remove or hide the infringing tapes and the equipment used to produce them before they can be seized or impounded." Pl.'s Mem. of Law in Support of Its Application for an Order of Seizure and Impoundment at 2.

On January 14, 1994 United States Marshals, acting pursuant to the January 4, 1994 Order of Seizure, seized video tapes and certain copying equipment from defendants, John Doe # 4, Byung M. Seo dba Seoul Video ("Seoul") and Young Kee Ham dba Hyundai Video ("Hyundai"). Defendants Seoul, Hyundai, and John Doe # 1, Christopher Lee dba Han Yang Video ("Han Yang")

responded to the Order to Show Cause on February 4, 1994 by filing a response and appearing before this Court.[1] Defendants Seoul and Hyundai have filed a motion contesting the validity of the seizure order and the seizure itself.[2]

## DISCUSSION

The Defendants have challenged the seizure of the tapes and equipment on several grounds which were raised in their papers and at the hearing.

### 1. Propriety of Emergency Relief

■ First, the Defendants assert that emergency relief was improper because Century allegedly did not clearly state what tapes were owned by them. Yet, Plaintiff provided this Court with a list of all titles registered with the United States Copyright Office with their registration numbers and denoted which titles were awaiting registration. Aff. of Alan T. Huie Ex. A, B, C. Moreover, the Plaintiffs provided a list of illegal video cassettes acquired by investigators hired by Plaintiff and copies of the certificates of registration for those titles. These exhibits were attached to an affidavit of Plaintiff's General Counsel, Alan T. Huie, and there is no reason to conclude that the representations therein left "murky areas concerning ownership of copyrights." Defs.' Mem. in Resp. to Order to Show Cause at 4. Indeed, the Order specified that only those tapes of which the copyright was owned by Plaintiff and which lacked "distinguishing characteristics of authorized videocassettes" should be seized.

### 2. Sufficiency of a Temporary Restraining Order

■ Second, Defendants assert that a Temporary Restraining Order would have been sufficient and thus, the seizure was improper. Defendants cite *Paramount Pictures Corp. v. Doe*, 821 F.Supp. 82 (E.D.N.Y. 1993) for the proposition that a seizure order is too drastic where a temporary restraining order would be sufficient.

Based upon affidavits and a memorandum of law submitted by Plaintiff, this Court found that Defendants were in possession of illegally made copies of Plaintiff's videocassettes and that there was good cause to be concerned that tapes might be destroyed or moved and that copying would continue. This Court found that the Plaintiff had made a prima facie case of copyright infringement and thus, pursuant to Title 17, U.S.C. § 503 authorized the seizure of tapes and equipment. *Paramount* notwithstanding, it is the norm in this district that where a danger of destruction or hiding of the evidence exists to grant *ex parte* orders of seizure. *See Universal City Studios, Inc., et al. v. Ronnie Lorrizzo, Individually, and dba Mr. Video Man*, 93 CV 5182 (SJ) (E.D.N.Y. Nov. 17, 1993); *Tri–Star Pictures, Inc. et al. v. MJM Video Inc. dba MJM Video*, 93 CV 4552 (LDW) (E.D.N.Y. Oct. 6, 1993); *Paramount Pictures Corporation, et al. v. Roger Baretta, Individually and dba Bravo Video and Richard Lintenberg, Individually and dba Bravo Video*, 93 CV 3224 (TCP) (E.D.N.Y. July 20, 1993); *The Walt Disney Co., et al. v. Jim Garofalo, Individually, and dba Exceptional Video*, 92 CV 5314 (E.D.N.Y. Nov. 12, 1992).

■ Defendants further claim that the equities to be weighed in considering whether to grant a TRO are such that the impounding of their equipment has caused irreparable harm in that their legitimate business of copying tapes will be destroyed. Defendants allege that Plaintiffs could sue for damages and that Defendants would have abided by the terms of a TRO and ceased copying. However, irreparable harm is presumed when a plaintiff is able to make out a prima facie case of copyright infringement. *Wainwright Securities, Inc. v. Wall Street Transcript Corp.*, 558 F.2d 91, 94 (2d Cir.1977), *cert. denied*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 759 (1978). Furthermore, Plaintiff need not show that a particular Defendant would not adhere to a TRO but rather only

---

1. Defendants Laser Beat, See Enterprises, Inc., and Mookungwha did not appear to contest the seizures.

2. Nothing was seized from Defendant Han Yang. Accordingly, we find that Han Yang lacks standing to challenge the seizure.

that someone like the Defendant would be likely to hide or destroy the evidence of his infringing activity. *In re Vuitton et Fils S.A.,* 606 F.2d 1 (2d Cir.1979); *First Technology Safety Systems, Inc. v. Depinet,* 29 USPQ 2d 1269, 11 F.3d 641 (6th Cir.1993) (holding that an applicant for an order of seizure bears the burden of "showing that the adverse party has a history of disposing of evidence or violating court orders or that persons similar to the adverse party have such a history").

### 3. Overly Broad Search

■ Third, the Defendants contend that even if an order of seizure was proper, the execution was overly broad because the marshals seized taping equipment as well as the video tapes. Section 503 of 17 U.S.C. authorizes such seizures; this order specifically identified the places to be searched, the material to be seized (and four ways to identify illegitimate tapes), and only equipment set up so as to enable copying. Indeed, agents testified at the hearing that the only equipment that they seized was that linked serially so as to facilitate multiple copying of video cassettes. Moreover, only those tapes that lacked distinguishing trademarks, FBI stickers, recording tabs, or adequate running times were seized; no allegation was made that other tapes were seized. It is this Court's determination that the seizure was properly carried out.

■ At the hearing, Defendants attempted to contest the equipment seizure by alleging that the equipment was also used in legitimate copying of tapes. This may be, but a legitimate use does not insulate equipment that is also put to an illegitimate use. Such an argument would leave the government powerless to enforce criminal and civil forfeiture laws as any criminal could "immunize" their property simply by using it legitimately some of the time. Legal uses can not "legitimate" the illegitimate uses of such equipment.

### 4. Oral Permission

■ Finally, Defendants contended at the hearing that they had been granted oral permission to copy and distribute these tapes.

Plaintiff has denied ever giving any of the Defendants permission, oral or otherwise, to copy and distribute its tapes. Plaintiff asserts that a search of its records, and those of its distributor, Tai Seng, indicate that Defendants purchased between zero and nine tapes from Plaintiff; almost none of the titles seized were those purchased, giving rise to the inference that the seized tapes were illegal copies. *See Warner Bros. Inc. v. American Broadcasting Companies,* 654 F.2d 204, 207 (2d Cir.1981); *Goldman–Morgen, Inc. v. Dan Brechner & Co., Inc.,* 411 F.Supp. 382, 389 (S.D.N.Y.1976).

Defendant contends that it received permission from a salesman who was not conclusively identified nor was there any indication that such a person would have the authority to enter such agreements. In support of their contention, Defendant has provided a recording of a salesman from another distribution company, copies of contracts with distribution companies, and title stickers from a distribution company as evidence that it has permission to copy these tapes. The fact that other companies allow copying and distribution of their tapes does not mean that Century has given such permission; indeed, it would seem that had Century given such permission, Defendant would have had title stickers for those videos and there would have been purchase records of those titles. Given the lack of purchase records and the dearth of evidence of an agreement to distribute, we do not find that the seizure was improper on the grounds that Defendants were licensed distributors.

### CONCLUSION

For the reasons stated above, the seizure of tapes and equipment from the Defendant's is upheld and Defendant's request to lift the seizure order is hereby DENIED;

Further, the Defendant's request that the equipment be returned to them while this case continues is DENIED.

SO ORDERED.