**U2 HOME ENTERTAINMENT, INC., Plaintiff,**

v.

**CHUN POOK TAN, et ano., Defendants.**

**No. 01 Civ. 3453(LAK).**

United States District Court, S.D. New York.

July 9, 2002.

---

**300**

Harvey Shapiro, Sargoy, Stein, Rosen & Shapiro, New York City, for Plaintiff.

Po W. Yuen, Yuen & Yuen, New York City, for Defendants.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Plaintiff, which claims to have the exclusive authority to distribute in the United States certain motion pictures originally released in Asia, brought this action for copyright and trademark infringement, alleging that defendants are engaged in large-scale copying and piracy of motion pictures in which plaintiff's have U.S. rights and infringing their trademarks. On April 25, 2001, the Court signed an order authorizing seizure of materials allegedly infringing copyrights in which plaintiff claims an interest and directing the defendants to show cause why the order of seizure was issued improperly. In July 2001, after consensual postponements and receipt of defendants' answering papers, the Court concluded that an evidentiary hearing was appropriate on the motion. In consequence of further requests for adjournments and the events of September 11, 2001, the hearing ultimately was held on December 12, 2001.

In the course of the hearing, it became apparent that there was substantial disagreement about which of the many films at issue in this matter are subjects of registered copyrights as well as the status of plaintiff's rights with respect to such films. After extensive and ultimately unsuccessful efforts to have counsel work out these disputes, the Court appointed a special master, who rendered a report and recommendation to which no objection was made and which the Court, by order of July 8, 2002, has adopted. In consequence, the matter now is ripe for decision.

### I

Section 503(a) of the Copyright Act provides, in relevant part, that a court in which an action for copyright infringement is pending may order the seizure and impoundment of "all copies ... claimed to have been made or used in violation of the copyright owner's exclusive rights" and of all devices by means of which such copies may be reproduced.[1] The statute does not establish a standard governing applications for such orders. Nevertheless, "[w]here plaintiffs have shown that a danger exists of destroying or transferring infringing goods, courts in [the Second] Circuit have not hesitated to grant *ex parte* orders under ... the Copyright Act."[2] Plaintiff assumes that it is obliged to demonstrate a likelihood of success on the merits of its infringement claim in order to obtain and sustain the seizure order. The Court so assumes as well.

---

1. 17 U.S.C. § 503(a) (1994).

2. *Time Warner Entmt. Co. v. Does # 1–2*, 876 F.Supp. 407, 410 (E.D.N.Y.1994) (citing *Century Home Entmt., Inc. v. Laser Beat, Inc.*, 859 F.Supp. 636, 638 (E.D.N.Y.1994)).

In this case, defendants do not challenge the Court's authority to issue the order or quarrel with the level of proof required. They contend only that the order was or, at any rate, now is inappropriate because (1) plaintiff lacks standing to sue, as it is neither the owner nor the assignee of valid copyrights in any of the allegedly infringed works, (2) plaintiff consented to (indeed, encouraged) defendants' copying, and (3) the copyrights in any case have been abandoned.

## II

Plaintiff initially sought relief in this Court with respect to more than 1,200 individual works listed in Exhibit A to the complaint, claiming in each case that the work is covered by a valid, registered copyright and that plaintiff is the exclusive U.S. licensee and entitled to sue for infringement thereof. Copies of 250 works were seized pursuant to the order of seizure, and plaintiff ultimately claimed standing, as exclusive licensee, to sue for infringement of copyrights on 83 of those titles. Defendants contested this claim as to 80 of the titles, conceding plaintiff's standing as to three.

■ After extensive proceedings before the special master, the special master found that plaintiff has standing to sue for infringement of copyright in 73 of the 83 works and that it lacks standing with respect to the remaining ten.[3] By order of July 8, 2002, the Court has adopted the findings of the special master without objection from the parties. Accordingly, the Court holds that the plaintiff has standing to sue for infringement of the copyrights in the 73 works identified in Exhibit D to the special master's report and lacks standing to sue for copyright infringement with respect to the other seized works.

## III

■ Defendants argue that plaintiff has consented to their copying and distribution of the copyrighted works of which plaintiff is the exclusive U.S. licensee. Specifically, they argue that defendants long have been customers of plaintiff, and that plaintiff permitted them to buy copies of the copyrighted works at either of two prices. If they purchased at the higher price, defendants were permitted to make further copies of the purchased tapes themselves. If they purchased at the lower price, copying was not permitted. Since they bought at the higher prices, defendants maintain, they were permitted to copy the tapes.[4]

Defendants' claim of an agreement to permit them to duplicate movies they bought from the plaintiff was denied by the plaintiff.[5] The claim is contrary to common sense. As the evidence showed, defendants frequently purchased multiple copies of given titles from the plaintiff. It would have made no sense to do so if, as defendants claimed, the purchase of a single copy carried plaintiff's consent to make additional copies. In all the circumstances, the Court credits plaintiff's testimony on this point and does not credit defendant's. It finds that defendants were not authorized to make copies of the titles that were seized. Inasmuch as defendants' abandonment argument depends upon their premise that plaintiff freely al-

---

**3.** Special master's report and recommendation 5–17 & Exs. D & E.

**4.** *See generally* Hearing Tr. (Tan) 77–83, 85.

**5.** Defendants attributed this agreement to three people allegedly connected with plain-tiff, Messrs. Soo and Kow and Ms. Eng. Plaintiff's representative testified, and the Court finds, that Soo and Kow were neither affiliated with nor authorized to speak for plaintiff. *See id.* (Huie) 34–36. Ms. Eng denied the charge. *Id.* (Eng) 66–67.

lowed copying of the copyrighted works of which it is the exclusive U.S. licensee, that contention fails as well.

## IV

For the foregoing reasons, the Court determines that plaintiff is likely to prevail on its copyright infringement claim with respect to the 73 works identified in Exhibit D to the special master's report and not otherwise and that defendants' objections to the order of seizure insofar as it relates to those works are unpersuasive, at least at this stage. The order of seizure therefore is confirmed insofar as it related to those 73 works and in all other respects save that it is dissolved as to all others identified in Exhibits A and E to the special master's report. All copies of tapes and other media containing duplicates of motion pictures seized from defendants, except those containing copies of the 73 works identified in Exhibit D to the special master's report, shall be returned to defendants no later than July 18, 2002.[6]

SO ORDERED.

---

6. The Court, by adoption of the special master's report, has found that plaintiff is the owner, or possesses power of attorney for the enforcement, of trademarks that appear on substantially all of the 250 titles seized from the defendants. Plaintiff, however, has not relied on the Trademark Act in obtaining or seeking to justify continuation of the order of seizure. Accordingly, the Court confines the extreme remedy of seizure and impoundment to the titles which properly are the subject of plaintiff's copyright infringement claim.